PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 94-9157
_____

D.C. Docket No. 1:89-CV-2046-RCF


JONATHAN RAVEN, ELI SHAPIRO,

Plaintiffs-Appellees,


versus


OPPENHEIMER & CO., INC., WENDY'S INTERNATIONAL, INC.,
J. MICHAEL BODNAR, R. WAYNE LEWIS, HOWARD E. SACHS,
PROFESSIONAL RESTAURANT SERVICES, INC.,

Defendants-Appellants.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(January 22, 1996)**


Before EDMONDSON and BIRCH, Circuit Judges, and HENDERSON, Senior
Circuit Judge.


PER CURIAM:

The present appeal arises from an order of the United States

District Court for the Northern District of Georgia reinstating

this securities fraud action pursuant to § 27A(b) of the

Securities Exchange Act of 1934, 15 U.S.C. § 78aa-1, and

Fed.R.Civ.P. 60(b)(6), after the action was dismissed as time-barred in accordance with Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991) ("Lampf"), and James B. Beam Distilling Co. v. Georgia, 501 U.S. 529, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991) ("Beam"). We reverse.

## I. BACKGROUND

The plaintiffs, holders of securities offered by the Wendco Northwest Limited Partnership, filed this lawsuit on May 26, 1989 in the United States District Court for the Northern District of Illinois. The complaint alleged violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78j(b), Rule 10b-5 of the Securities and Exchange Commission, 17 C.F.R. § 240.10b-5, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO"), and state common law. On August 18, 1989, the case was transferred to the United States District Court for the Northern District of Georgia as authorized by 28 U.S.C. § 1404(a). Thereafter, on June 20, 1991, the United States Supreme Court rendered its decisions in Lampf and Beam. In Lampf, the Court rejected the practice of utilizing state statutes of limitation for private causes of action arising under § 10(b) and Rule 10b-5 and announced a uniform federal time frame requiring the commencement of such actions within one year after the discovery of the violation and no later than three years from the date of the alleged violation. Lampf, 501 U.S. at 361-62, 111 S.Ct. at 2781-82, 115 L.Ed.2d at 335-36. In Beam, the Court

2

held that when a new rule of federal law is implemented in the case announcing the rule, it must be extended retroactively to all pending cases. Beam, 501 U.S. at 541-44, 111 S.Ct. at 2446-48, 115 L.Ed.2d at 492-93. Because the limitation period required by Lampf was applied to the litigants in that case, this court recognized, in Lufkin v. McCallum, 956 F.2d 1104, 1108 (11th Cir.), ___ U.S. ___, 113 S.Ct. 326, 121 L.Ed.2d 246 (1992), that it must be enforced with respect to similarly situated parties. See Henderson v. Scientific-Atlanta, Inc., 971 F.2d 1567, 1569 (11th Cir. 1992), cert. denied, ___ U.S. ___, 114 S.Ct. 95, 126 L.Ed.2d 62 (1993).

After Lampf and Beam were decided, the district court held that the plaintiffs' § 10(b) and Rule 10b-5 claims were time-barred and that the complaint failed to state a claim on the RICO cause of action. Because no federal claims remained, the court declined to exercise pendent or supplemental jurisdiction over the state law counts. See 28 U.S.C. § 1367(c)(3). A judgment dismissing the federal causes with prejudice and the state law claims without prejudice was entered on October 16, 1991. The plaintiffs did not appeal and, therefore, the judgment became final thirty days later. See 28 U.S.C. § 2107(a).

On December 19, 1991, Congress amended the Securities Exchange Act of 1934 by enacting § 27A. It provides:

> Sec. 27A. (a) Effect on Pending Causes of Action.--The limitation period for any private civil action implied under section 10(b) of this Act that was commenced on or before June 19, 1991, shall be the limitation period provided by the laws applicable in the

3

> jurisdiction, including principles of
> retroactivity, as such laws existed on June
> 19, 1991.
>
> (b)  Effect on Dismissed Causes of
> Action.--Any private civil action implied
> under section 10(b) of this Act that was
> commenced on or before June 19, 1991--
>      (1)  which was dismissed as time
> barred subsequent to June 19, 1991, and
>      (2)  which would have been timely
> filed under the limitation period  provided
> by the laws applicable in the
> jurisdiction, including principles of
> retroactivity, as such laws existed on  June
> 19, 1991,
> shall be reinstated on motion by the
> plaintiff not later than 60 days after the
> date of enactment of this section.

Pub.L. No. 102-242, § 476, 105 Stat. 2236, 2387 (1991) (codified at 15 U.S.C. § 78aa-1).

On February 14, 1992, the plaintiffs filed a motion to reinstate their claims under § 10(b) and Rule 10b-5 in accordance with § 27A(b).  The defendants opposed the revival of the lawsuit on the ground that the statute was unconstitutional.  The district court certified the constitutional question to the United States Attorney General in accordance with 28 U.S.C. § 2403(a),[1] and directed the parties to submit additional argument on point.  In subsequent briefing, the plaintiffs asserted that, even if § 27A(b) was unconstitutional, the prior judgment dismissing the § 10(b) and Rule 10b-5 claims could be

---

[1]Section 2403(a) directs that, in actions attacking the constitutionality of an Act of Congress affecting the public interest, "the court shall certify such fact to the Attorney General, and shall permit the United States to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality."

set aside under the authority of § 27A(a) and Fed.R.Civ.P. 60(b)(6).[2]  After considering the contentions of the parties and the views of the United States, on September 24, 1992, the district court held that § 27A was constitutional in its entirety and granted the plaintiffs' motion to reinstate their claims pursuant to that statute.  The court also stated in a footnote that it found "merit in plaintiff's [sic] request to reinstate the action under Fed.R.Civ.P. 60(b)" and therefore "grant[ed] that motion independently."  (R6-100 at 25 n.9).

On September 1, 1994, the district court amended its order dated September 24, 1992 to declare that it warranted interlocutory appellate review and stayed the proceedings until further order.  This court subsequently granted permission to appeal.  See 28 U.S.C. § 1292(b) (allowing appeals to be taken in civil cases from decisions not otherwise appealable when the district court states in writing that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation").

## II.  DISCUSSION

In the first round of briefs filed on appeal the parties reiterated the arguments they had asserted in the district court.

---

[2]Rule 60(b) permits a court to relieve a party from a final judgment for certain specified reasons such as mistake, newly discovered evidence or fraud.  Subsection (b)(6) is a catch-all provision which empowers a court to do so for "any . . . reason justifying relief" not otherwise enumerated.

5

The defendants urged us to reverse the district court's order on the grounds that § 27A(b) contravenes the separation of powers doctrine and the due process clause. The plaintiffs defended the constitutionality of the statute and responded that, in any event, the district court could revive the action relying on Fed.R.Civ.P. 60(b)(6) as its authority. Shortly thereafter, however, the Supreme Court decided <u>Plaut v. Spendthrift Farm, Inc.</u>, 514 U.S. ___, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995). In <u>Plaut</u>, a majority of the Court held that § 27A(b) runs afoul of the separation of powers doctrine and "is unconstitutional to the extent that it requires federal courts to reopen final judgments entered before its enactment."[3] <u>Id.</u> at ___, 115 S.Ct. at 1463, 131 L.Ed.2d at 356. In a supplemental brief filed with this court the plaintiffs now concede, as they must, that the district court was without authority to give new life to the § 10(b) and Rule 10b-5 claims under § 27A(b) because that subsection of the statute is unconstitutional. They continue to maintain, however, that reinstatement was permissible under Fed.R.Civ.P. 60(b)(6).[4]

---

[3]The Court in <u>Plaut</u> declined to decide whether § 27A(b) also offends the due process clause because the case could be decided on the narrower separation of powers issue. <u>Plaut</u>, 514 U.S. at ___, 115 S.Ct. at 1452, 131 L.Ed.2d at 341-42.

[4]We note that although the district court's order declaring the propriety of interlocutory appeal did not specifically mention the need for an appellate decision on the Rule 60(b)(6) question, the scope of interlocutory appellate review under 28 U.S.C. § 1292(b) "is not limited to the precise question certified by the district court because the district court's order, not the certified question, is brought before the court." <u>Aldridge v. Lily-Tulip, Inc. Salary Retirement Plan Benefits Comm.</u>, 40 F.3d 1202, 1207 (11th Cir. 1994), <u>cert. denied</u>, 64 U.S.L.W. 3395 (U.S. Dec. 4, 1995) (No. 95-526). We find that the

Rule 60(b)(6) provides an "extraordinary remedy" by which a district court may, in its discretion, relieve a party from a final judgment in order to do justice. Ritter v. Smith, 811 F.2d 1398, 1400 (11th Cir.), cert. denied, 483 U.S. 1010, 107 S.Ct. 3242, 97 L.Ed.2d 747 (1987). The district court did not explain the basis upon which it found merit in the plaintiffs' Rule 60(b)(6) motion. The plaintiffs' brief filed in support of the motion, as well as their briefs submitted on appeal, make it clear, however, that the request was premised on an argument that § 27A(a), which was held constitutional by this court in Henderson, 971 F.2d at 1575,[5] established a new statute of limitations for all § 10(b) actions filed on or before June 19, 1991,[6] and that Rule 60(b)(6) relief may be founded upon such a change in the law. We presume, therefore, that the district court employed this reasoning in granting the motion. The defendants contend this was error because § 27A(a) has no application to the facts of this case.

resolution of this issue will "materially advance the ultimate termination of the litigation" and, thus, exercise our discretion in favor of reaching this question as well. 28 U.S.C. § 1292(b).

[5]In Henderson, the court found that Congress possessed the constitutional authority to dictate the method for determining the statute of limitations in a pending § 10(b) lawsuit. The Supreme Court's decision in Plaut construing § 27A(b), which addressed the revival of cases finally adjudicated, does not affect the validity of the holding in Henderson.

[6]A better characterization of the effect of § 27A(a) is that it restored, in § 10(b) cases filed on or before June 19, 1991, the old method of calculating the statute of limitations overruled by Lampf.

7

We agree that the revival of this action does not fall within the purview of § 27A(a).  We begin our analysis by observing that, in construing the effect of a statute, we must look to its language and design as a whole.  United States v. Chandler, 996 F.2d 1073, 1084 (11th Cir. 1993), cert. denied, ___ U.S. ___, 114 S.Ct. 2724, 129 L.Ed.2d 848 (1994).  The text of §27A(a) states that it applies to "any" § 10(b) action commenced on or before June 19, 1991.  The word "any" is capable of more than one meaning, depending on the context in which it is used.[7]  When viewed in the context of § 27A as a whole, it becomes evident that the term "any" in subsection (a) does not include lawsuits that were dismissed as time-barred after June 19, 1991, which are governed by subsection (b).

The heading of subsection (a), which refers to "Pending Causes of Action," is further evidence that Congress did not intend for it to apply to all § 10(b) actions filed on or before June 19, 1991, as urged by the plaintiffs.  Although section headings may not be used to limit the plain meaning of the text of a statute, they may be employed as tools of interpretation when the text is ambiguous.  United States v. Castro, 837 F.2d 441, 442 n.1 (11th Cir. 1988).[8]  As we have stated, the word

---

[7]"Any" may refer to "one, a, an, or some," or "one or more without specification or identification."  The Random House College Dictionary 61 (1st ed. 1980).

[8]This is so only when the heading is part of the act as written and passed by Congress and not added by those responsible for codification.  Castro, 837 F.2d at 442 n.1.  The heading of subsection (a) was included in Congress's enactment of § 27A. See 105 Stat. at 2387.

8

"any" is unclear unless put into context. We find that the phrase "any private civil action" in subsection (a), when considered in conjunction with the subsection's heading and with subsection (b), was designed to encompass only those § 10(b) complaints which were pending on December 19, 1991. Without belaboring the meaning of the term "pending," see Georgia Ass'n of Retarded Citizens v. McDaniel, 855 F.2d 805, 809 (11th Cir. 1988) (recognizing that the word "pending" is open to varying interpretations depending on the circumstances), cert. denied, 490 U.S. 1090, 109 S.Ct. 2431, 104 L.Ed.2d 988 (1989), it cannot be said that the present action was pending on December 19, 1991. We accordingly hold that the district court abused its discretion by granting Rule 60(b)(6) relief founded upon an application of § 27A(a).[9]

### III. CONCLUSION

In keeping with the foregoing analysis, the district court's order reinstating the plaintiffs' § 10(b) and Rule 10b-5 claims is VACATED.

---

[9]The defendants also argue that a congressional, as opposed to a judicial, change in the law may never be used to set aside a final judgment under Rule 60(b)(6). Cf. Ritter, 811 F.2d at 1401 (a judicial reconstruction of what the law is may provide the "truly extraordinary circumstances necessary" to support Rule 60(b)(6) relief). That Congress may not mandate the reopening of a final judgment is obvious in light of Plaut. Whether the separation of powers problem may somehow be avoided by seeking Rule 60(b)(6) discretionary relief premised upon a new congressional pronouncement seems doubtful. We need not decide this thorny issue, however, given our conclusion that § 27A(a), upon which the plaintiffs sought Rule 60(b)(6) relief, governs only those cases still pending on December 19, 1991.