[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 97-3562

D. C. Docket No. 96-348-CV-T-25B

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
08/11/99
THOMAS  K. KAHN
CLERK

ASX INVESTMENT CORP.,

Plaintiff-Appellant,

versus

R. PARK NEWTON, III, and
ASSIX  INTERNATIONAL, INC.,
a Delaware corporation,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Florida

(August 11, 1999)

Before ANDERSON ,Chief Judge, BLACK, Circuit Judge, and STAFFORD[*], Senior District
Judge.

BLACK, Circuit Judge:

---

[*] Honorable William Stafford, Senior U.S. District Judge for the Northern District of
Florida, sitting by designation.

Appellant ASX Investment Corp. appeals the district court's dismissal of its complaint under the Fed. R. Civ. P. 41(a)(1) two dismissal rule. We hold the dismissal of Appellant's Delaware state case upon Appellant's motion and court order did not constitute a first dismissal implicating the two dismissal rule and therefore reverse.

## I. BACKGROUND

Since 1994, Appellant has filed three actions against Appellees Assix International Inc. (Assix) and R. Park Newton, III — one in Delaware Chancery Court and two (including this case) in federal court. All three are relevant to this appeal.[1]

### A. The Delaware Chancery Court Case

On April 8, 1994, Appellant filed its Delaware Chancery Court case against Appellees, seeking primarily an injunction barring Appellees from taking actions to entrench Assix management and disenfranchise stockholders in violation of Delaware law. After Appellees filed an answer, Appellant filed a motion to dismiss the case without prejudice. The Delaware court initially deferred ruling on Appellant's motion in order to permit Appellees to complete Rule 11 discovery. On May 18, 1994, the Delaware court granted the motion to dismiss without prejudice and without conditions. In so ruling, the court pointed out that, in light of the early stage of the proceedings, Appellees would suffer little, if any, harm from the dismissal. In concluding that no conditions were warranted, the court noted Appellant was unaware of the facts underlying the newly-filed federal securities case (the 1994 federal case) until it conducted discovery in the Delaware action and Appellant therefore could not reasonably have foreseen

---

[1] Although all three cases involved additional parties, we refer in our discussion only to Appellant and Appellees.

that federal court would be a more efficient forum for its claims.

B.     The 1994 Federal Case

On April 26, 1994, Appellant filed its first federal action against Appellees in the U.S. District Court for the Eastern District of Pennsylvania. The complaint alleged violations of state and federal securities laws and other state claims, and sought monetary and injunctive relief. In July 1994, Appellant filed an amended complaint in response to Appellees' motion to dismiss for failure to state a claim. Appellees moved to dismiss the amended complaint. Without ruling on the motion to dismiss, the district court transferred the case to the Middle District of Florida on forum non conveniens grounds. After the case was transferred, the parties agreed to a discovery cut-off of December 31, 1995, and a trial date of April 1, 1996.

In November 1995, Appellant filed a motion for leave to file a second amended complaint. On February 20, 1996, six weeks before trial was scheduled to commence, with Appellant's motion to amend and the defendants' motion to dismiss still pending, Appellant filed a second federal case (this case). On March 11, 1996, Appellant filed a Fed. R. Civ. P. 41(a)(1) notice of dismissal in the 1994 federal case.

C.     1996 Federal Case (This Case)

The case giving rise to this appeal was initiated by Appellant's February 20, 1996, complaint against Appellees, in which it asserted claims under RICO and Rule 10b-5, seeking declaratory relief, damages (including treble damages), and injunctive relief.[2]

On March 18, 1996, Appellees moved to dismiss with prejudice under the Rule 41(a)(1)

---

[2] Appellant subsequently filed an amended complaint, which included both federal and state law claims.

3

two dismissal rule. On October 30, 1997, the district court granted Appellees' motion. The court reasoned that Appellant's dismissal of the 1994 federal action by Rule 41(a)(1) notice constituted an adjudication on the merits barring this action since the Delaware case, which was based on or included the same claim as the 1994 federal case, had previously been dismissed on Appellant's motion.

## II. DISCUSSION

The two dismissal rule is found in the last sentence of Fed. R. Civ. P. 41(a)(1). Rule 41(a) provides in its entirety:

**Rule 41. Dismissal of Actions**

**(a) Voluntary Dismissal: Effect Thereof**

    **(1) By Plaintiff; by Stipulation.** Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, *except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.*

    **(2) By Order of Court.** Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

(Emphasis added).

Appellant contends the district court erred by holding the dismissal of the 1994 federal

4

case operated as an adjudication on the merits because: (1) the dismissal of the Delaware case was by motion and order of the court and therefore did not qualify as a first dismissal under the two dismissal rule; and (2) the Delaware case was not "an action based on or including the same claim" as the 1994 federal case. We conclude Appellant's first argument is dispositive and therefore do not address the second.

We review de novo the district court's interpretation of Fed. R. Civ. P. 41 and its resulting conclusion that the dismissal of the Delaware action by motion and order of the court constituted a first dismissal under the two dismissal rule. *See Silvious v. Pharaon*, 54 F.3d 697, 700 (11th Cir. 1995).

In construing the two dismissal rule, we look to the plain language of the rule and read it as a whole, being mindful of the linguistic choices made by the drafters. *See FDIC v. Lacentra Trucking, Inc.*, 157 F.3d 1292, 1302 (11th Cir. 1998), *cert. dismissed*, __ U.S. __, 119 S. Ct. 1493 (1999). We take care not to construe the rule too broadly, as it "is an exception to the general principle, contained in Rule 41(a)(1) and honored in equity prior to the adoption of the Federal Rules, that a voluntary dismissal of an action does not bar a new suit based upon the same claim." *Poloron Products, Inc. v. Lybrand Ross Bros. & Montgomery*, 534 F.2d 1012, 1017 (2d Cir. 1976).

The two dismissal rule does not state the specific means by which the first dismissal must have been obtained to implicate the rule.[3] It does, however, state the rule is implicated when "a

---

[3] We note that neither party cites, nor have we found, any federal case directly on point as to whether dismissal of the Delaware case by motion and order of the court constituted a first dismissal implicating the two dismissal rule. Appellant does point out, however, that the Florida Supreme Court, in construing an old version of the Florida two dismissal rule, which was "almost identical with [Federal] Rule 41," held that a voluntary dismissal filed after the

5

*plaintiff . . .* has once dismissed" a claim.  Rule 41(a)(1), in which the two dismissal rule appears, provides for dismissal by a plaintiff without order of court by the filing of a timely notice of dismissal or a stipulation of dismissal signed by all parties.  Dismissal on plaintiff's motion and by order of court, on the other hand, is provided for in Rule 41(a)(2).  Rule 41(a)(1) and Rule 41(a)(2) each ends with a sentence explaining the effect of dismissal obtained under their respective provisions.  For Rule 41(a)(1), that last sentence includes the two dismissal rule.  There is no two dismissal rule set out in Rule 41(a)(2) and we see no basis for reading the two dismissal rule to apply where the first dismissal is achieved by motion and order of the court.[4]  Although dismissal under Rule 41(a)(2) is, as the rule says, "at the plaintiff's instance," the actual dismissal is by the court and therefore does not implicate the Rule 41(a)(1) two dismissal rule.[5]

Although not pivotal to our analysis, our conclusion is further supported by consideration of the purpose of the Rule 41(a)(1) two dismissal rule.  "[T]he primary purpose of the 'two dismissal' rule is to prevent an unreasonable use of the plaintiff's unilateral right to dismiss an

---

defendants filed an answer and thus effective only upon order of the court did not constitute a first dismissal under the Florida rule. *Crump v. Gold House Restaurants, Inc.*, 96 So.2d 215, 218-19 (Fla. 1957).

[4] The fact that the first dismissal at issue in this case was under the Delaware state rule and not the federal rule does not affect our analysis.  The Delaware Chancery Court Rule 41(a) is virtually identical to Fed. R. Civ. P. 41(a).

[5] The headings in Rule 41(a) lend support to our conclusion that a Rule 41(a)(2) dismissal by motion and order of the court is one by the court and not one by the plaintiff implicating the two dismissal rule.  The Rule 41(a)(1) subsection heading is "By Plaintiff; by Stipulation," and the Rule 41(a)(2) subsection heading is "By Order of Court."  Although we recognize that headings may not be used to limit the plain meaning of a statute or rule and generally are used as interpretive tools only when the text is ambiguous, *Raven v. Oppenheimer & Co., Inc.*, 74 F.3d 239, 243 (11th Cir. 1996), we note in this case the headings bolster our plain reading of the rule.

action prior to the filing of the defendant's responsive pleading." *Poloron Products, Inc.*, 534 F.2d at 1017 (citations omitted); *see also American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963) ("The reason for this arbitrary limitation [set out in the two-dismissal rule] . . . is to prevent unreasonable abuse and harassment."). A dismissal obtained by motion and order of the court under Rule 41(a)(2) or similar state rule is not unilateral and does not pose the same danger of abuse or harassment as does a Rule 41(a)(1) dismissal by plaintiff's notice. In ruling on such motions, a court has discretion to determine whether the dismissal will be with or without prejudice and with or without conditions based on its view of the case and the plaintiff's actions.[6]

Even though we conclude a dismissal by motion and court order does not implicate the Rule 41(a)(1) two dismissal rule, we do not mean to suggest that there is no limit to Rule 41(a)(2) or analogous state dismissals:

> It does not follow that there is no limit at all on the number of [Rule 41(a)(2)] dismissals . . . . While there is no precise digital answer, the mere repetition of such occurrence may, in and of itself, become so oppressively prejudicial as to require the sound conclusion that even once more is too much. This along with countless elements, traditionally called upon to underpin our concepts of reasonableness and fairness, goes into the process of sound discretion of the trial court, as 41(a)(2) says, "as the court deems proper."

*American Cyanamid Co.*, 317 F.2d at 298 (footnote omitted). Abuse of the procedure can be

---

[6] Appellees point out that some claims such as class actions and derivative suits cannot be dismissed without court approval or order. They argue that under the interpretation of the two dismissal rule we espouse today, a plaintiff could bring such claims without ever being subject to the two dismissal rule. We need not resolve this issue today, but note it is not at all clear that those rules requiring court approval or order for dismissal necessarily transform a Rule 41(a)(1) notice or stipulation of dismissal into a Rule 41(a)(2) dismissal by court order. *See* 8 James Wm. Moore et al., *Moore's Federal Practice* ¶¶41.32[1], [2] (fact that a court order is needed for dismissal of a class action or derivative suit does not convert a notice or stipulation of dismissal to a Rule 42(a)(2) dismissal by court order).

sanctioned. A court granting a Rule 41(a)(2) or analogous state dismissal may do so "upon such terms and conditions as the court deems proper." Also, a court hearing a subsequently filed action may impose sanctions if the facts suggest bad faith or an intent to harass on the part of the plaintiff.

## III. CONCLUSION

We conclude the Rule 41(a)(1) two dismissal rule is not implicated where a first dismissal is by a plaintiff's motion and order of the court. Thus, the district court erred when it applied the rule in this case.

REVERSED AND REMANDED.